WALTER BARRETT, *et al.*, v. JOHN A. NELSON.

ROAD OVERSEER; *Statute Construed.* Section 12 of the road law, ( Comp. Laws of 1879, ch. 89, § 12,) which authorizes a road overseer "to enter upon any uncultivated land, unincumbered by a crop," to obtain stone, etc., does not authorize a road overseer to pass over cultivated land for such a purpose, although such land at the time has no crop standing or growing thereon. It does not authorize a road overseer to take down fences and pass across a field over wheat stubble, and where the wheat grown upon the land had just been harvested.

*Error from Wabaunsee District Court.*

AT the adjourned September Term, 1881, of the district court, plaintiff *Nelson* recovered a judgment for $1 and costs against defendants *Barrett* and three others, who bring the case here. The nature of the action, and the facts, appear in the opinion.

*Case & Curtis,* for plaintiffs in error.

*E. H. Sanford,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This is a proceeding in error to reverse a judgment rendered by the district court of Wabaunsee county for $1 and costs. The plaintiff in error, who was defendant below, does not found his proceeding in error upon the ground that the judgment of the court below is excessive, but really founds the same upon the theory that under

the facts of the case and the statutes of Kansas the defendant in error, plaintiff below, has no cause of action of any kind against him, and is not entitled to a judgment for any amount.

The facts of the case, stated briefly, are substantially as follows: On July 15, 1881, and prior thereto, the defendant in error, plaintiff below, owned eighty acres of land, which was inclosed with a fence, was in cultivation, and was occupied by himself and family as their residence. The plaintiff raised wheat, corn, cabbages, and other articles of field and garden produce, upon this land, and also had about 220 fruit trees thereon. The wheat which was raised that year upon the land had just been harvested, and was then in the stack upon the premises. A public road was located upon the east side of the land. This road needed repairing; and the defendant below, under the direction of the road overseer, and for the purpose of repairing the road, opened the fences on the plaintiff's land, and passed across the land with teams and wagons to get stone situated just west of the land, on the premises of one Charles Ohems; and this stone he hauled across the plaintiff's land to the place where the road needed repairing. This was all done without the consent and against the will of the plaintiff. It was necessary to use stone in repairing the road, and the stone which the defendant obtained was more convenient to the place where it was needed than any other stone that could be had; and the nearest route from the place where stone was needed to the place where it was situated was across the plaintiff's land. The defendant passed over the wheat stubble on the plaintiff's land where the wheat had just been cut, and did not pass over any standing or growing crops, and he did just as little damage to the plaintiff's property as was possible under the circumstances. The defendant claims that under the circumstances, and under the statutes of Kansas, he had a right to pass over the plaintiff's land for the purpose of procuring stone, as he did, and cites as authority therefor §12 of the

road law of 1874. So much of said section as applies to this case reads as follows:

"The overseer shall keep the same in repair, and remove, or cause to be removed, all obstructions that may from time to time be found thereon; for which purpose the overseer is hereby authorized to enter upon any uncultivated land unincumbered by a crop, near or adjoining a public road, to dig and carry away any gravel, sand or stone, and to purchase any timber which may be necessary to improve or repair said road, and to enter upon any land adjoining or lying near to said road to make such drains or ditches through the same as he may deem necessary for the benefit of the roads, doing as little damage to said land as the nature of the case and the public good will permit." (Comp. Laws of 1879, ch. 89, § 12.)

We do not think that this section gave to the defendant, or to the road overseer of his district, any authority to enter upon the plaintiff's land, or to cross the same for the purpose of getting stone. It gave to the road overseer, and to the defendants acting by his direction, authority to enter upon only uncultivated land; while the plaintiff's land upon which the defendants entered was unquestionably cultivated. It was wheat stubble in a field, upon land which had long been cultivated, and from which the wheat had just been removed. The ground had been frequently plowed. It will be noticed that the statute uses the words "uncultivated land, unincumbered by a crop," showing that the land should not only be unincumbered by a crop, but should also be uncultivated. The statute would not have used the words "uncultivated land" if it had simply intended that the land should be "unincumbered by a crop." It omits the use of the words with reference to making drains and ditches, showing that the words were used advisedly, and that in one case the statute means only "uncultivated land," while in the other case it means all land.

The judgment of the court below will be affirmed.

All the Justices concurring.